**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MILLER MASONRY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6737** |
| **EMB QUALITY MASONRY, LLC** | **SECTION "H"(3)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue (R. Doc 6). For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART AS MOOT. This case is TRANSFERRED to the Southern District of Mississippi.

## BACKGROUND

This is a breach of contract action arising out of a construction project. Defendant EMB Quality Masonry, LLC ("EMB") entered into a contract with a general contractor to provide masonry work ("the Subcontract") on a project to

1

build a juvenile correctional facility in Raymond, Mississippi, for the State of Mississippi ("the Project"). EMB then entered into an oral sub-subcontract with Plaintiff Miller Masonry, Inc. ("Miller") in which Plaintiff agreed to provide the work and materials that EMB was obligated to provide under the Subcontract. In return, EMB agreed to pay Miller for the performance of any work that was necessary to satisfy EMB's obligations under the Subcontract ("the Sub-Subcontract").

Through no fault of either party, the Project took more than one year longer to complete than Defendant represented at the time of the Sub-Subcontract. The delay caused Plaintiff damages in the form of overtime pay, lodging, per diem expenses, increased expenses for equipment rental and fuel, and other costs. In order to allow Plaintiff to collect for these delay expenses, the parties entered into a pass-through agreement in which Defendant admitted Plaintiff's damages and allowed Plaintiff to assert its claims directly against the general contractor and owner of the Project. In addition, Defendant agreed to participate only as a nominal party for the purposes of establishing privity of contract ("the Pass-Through Agreement").

Plaintiff alleges that despite this agreement, Defendant executed lien waivers and claim releases in favor of the general contractor and owner in exchange for a portion of the amount owed on the Project. Plaintiff also alleges that Defendant withheld payments that Defendant received from the general contractor in compensation for Plaintiff's work. In light of the foregoing, Plaintiff claims that Defendant breached both the Sub-Subcontract and the

2

Pass-Through Agreement.  Defendant moved for a dismissal or transfer on the grounds that this Court lacks personal jurisdiction or venue.

## LEGAL STANDARD

The United States Supreme Court has stated that, regardless of whether a court has personal jurisdiction, it may transfer a case pursuant to 28 U.S.C. § 1406(a) when venue is improper.[1]  Accordingly, this Court foregoes a discussion of its personal jurisdiction over Defendant and first addresses whether venue is proper in the Eastern District of Louisiana.  Because this Court ultimately finds that venue in this case is improper, Defendant's arguments concerning personal jurisdiction are denied as moot.

Under Rule 12(b)(3), a party may assert by motion the defense of improper venue.[2]  When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[3]  Rule 12(b)(3) permits the court to look at all evidence in the record "beyond simply those facts alleged in the complaint and its proper attachments."[4]

---

[1] *Goldlawr. Inc. v. Heiman*, 369 U.S. 463 (1962).

[2] Fed. R. Civ. P. 12(b)(3).

[3] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

[4] *Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cir. 2011).

## LAW AND ANALYSIS

According to 28 U.S.C. § 1391(b) venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[5]

The United States Supreme Court has stated that:

When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). . . . The first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option.[6]

Under the first prong of 28 U.S.C. § 1391(b), allowing venue in the district where the defendant resides, venue is improper in the Eastern District of Louisiana.  It is undisputed that the sole Defendant resides in Lakeland, Tennessee, and thus venue would only have been proper in the Western District of Tennessee.

The third prong of § 1391(b) applies only if there is no proper venue under

---

[5] 28 U.S.C. § 1391 (West 2014).

[6] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).

the first two prongs. Therefore, because there is a proper venue under the first prong of § 1391(b), the third prong is inapplicable.

Accordingly, in order for venue to be proper in this case, the second prong of § 1391(b) must be satisfied—i.e., a substantial part of the events giving rise to Plaintiff's claims must have occurred in the Eastern District of Louisiana. "'[S]ubstantiality' for venue purposes is 'more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts.'"[7] "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial."[8] Courts have held that the "focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant."[9]

When an opposition to venue is raised, the plaintiff bears the burden of establishing that it has brought suit in a proper venue.[10] In addition, venue must be proven as to each cause of action.[11] Therefore, Plaintiff bears the burden of proving that a substantial part of the events giving rise to its claims

---

[7] *Univ. Rehab. Hosp., Inc. v. Int'l Co-op. Consultants, Inc.*, No. 05-1827, 2006 WL 1098905 (W.D. La. Apr. 24, 2006) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005)).

[8] *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008).

[9] *E.g.*, *Gray Cas. & Sur. Co. v. Lebas*, No. 12-2709, 2013 WL 74351 (E.D. La. Jan. 7, 2013).

[10] *Perez v. Pan Am. Life Ins. Co.,* 70 F.3d 1268 (5th Cir. 1995*); Gupta v. Lynch*, No. 12-1787, 2013 WL 3187273, at *2 (E.D. La. June 20, 2013).

[11] *Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012); *Gupta*, 2013 WL 3187273, at *4.

regarding both the Sub-Subcontract and the Pass-Through Agreement occurred in the Eastern District of Louisiana. The Court will address each of these contracts in turn.

### A. The Sub-Subcontract

Venue is proper in an action for breach of contract "at the place of performance."[12]   "The Court may also consider factors such as 'where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred.'"[13]   The Sub-Subcontract was initiated by a telephone call from Defendant at its principal office in Tennessee to Plaintiff at its principal office in Louisiana.   The oral contract was finalized in subsequent phone calls.   The object of the Sub-Subcontract was the performance of masonry work on the Project in Mississippi.   Plaintiff alleges that Defendant breached the Sub-Subcontract by withholding payments it received from the general contractor for work performed by Plaintiff; withholding an unauthorized administrative fee; and failing to submit certain information to the general contractor on Plaintiff's behalf.   Pursuant to the parties' agreement, payments were sent from the general contractor in Mississippi to Defendant's principal office in Tennessee at which point Defendant allegedly breached the Sub-Subcontract by failing to forward those amounts on to Plaintiff.   Likewise, Defendant breached its obligation to provide information it had in Tennessee to the general contractor in Mississippi.   Therefore, the alleged breaches occurred

---

[12] *Am. Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir.1981).

[13] *Ross*, 2012 WL 72703, at *4 (citing 14D CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 3806.1).

in Tennessee.

In light of these facts, it appears to this Court that the events that took place in Louisiana in relation to this dispute are insubstantial. The contract at issue in this dispute was breached in Tennessee and performed in Mississippi. Although it is true that at least part of the contract negotiations occurred in Louisiana, those events are insubstantial for venue purposes because they do not relate to the nature of Plaintiff's claim or the acts or omissions of Defendant.

In *Ross v. Digioia*, this district court acknowledged that a similar case with *more* events in the forum was a close question.[14] In that case, the court ultimately decided that venue was proper because contract negotiations occurred in person in the forum *and* funding for the project at issue came from the forum.[15] Without more than merely a portion of the contract negotiations occurring in this forum, however, this Court is not prepared to say that a substantial portion of the events giving rise to this dispute occurred here.[16]

In Opposition to this Motion, Plaintiff makes only conclusory statements that its arguments regarding personal jurisdiction establish that a substantial part of the events giving rise to its claims occurred in Louisiana. Courts have

---

[14] *Id.*

[15] *Id.*

[16] *See PNC Bank N.A. v. Fid. Nat. Title Ins. Co.*, No. 13-19, 2013 WL 4039436 (E.D. La. Aug. 7, 2013) on reconsideration,  No. 13-19, 2013 WL 4710486 (E.D. La. Aug. 30, 2013) ("The Court is guided by the district court's reasoning in *Consolidated Insurance Co. v. Vanderwoude*, 876 F.Supp. 198 (N.D .Ind.1995). In *Consolidated*, the court noted: 'There are no allegations in [plaintiff's] complaint, however, that have anything to do with the application for, or making of, the contract.... While it is true that making the contract in Indiana was an event without which the present suit would not exist, that event does not constitute a "substantial part" of the events giving rise to [plaintiff's] claim.'").

stated, however, that the substantial part test requires a more significant relationship to the forum than is required by the minimum contacts test of personal jurisdiction.[17]   Accordingly, this Court holds that because Plaintiff has not carried its burden to establish that a substantial part of the events giving rise to its claim occurred in this venue, venue is improper in the Eastern District of Louisiana for Plaintiff's breach of the Sub-Subcontract claim.

### B. Pass-Through Agreement

Plaintiff also asserts a claim against Defendant for breaching the Pass-Through Agreement.  The Court has surmised the following regarding the locations in which the negotiation, performance, and breach of the agreement occurred.  The Pass-Through Agreement was prepared by Defendant's attorney, presumably in Tennessee, and includes a Mississippi choice of law clause. Defendant asserts, and Plaintiff does not contest, that it was negotiated over the phone while Defendant was in Tennessee and Plaintiff was in Louisiana. Defendant's president claims that he executed the agreement in Tennessee.  The contract gave Plaintiff the right to assert Defendant's rights against the Mississippi general contractor and Mississippi owner.  Thus, the performance of the contract would necessarily have occurred in Mississippi.

Plaintiff alleges that Defendant breached this agreement when it entered

---

[17] *See, e.g.*, *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("In doing so, however, we caution district courts to take seriously the adjective 'substantial.' We are required to construe the venue statute strictly. That means for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." (internal citations omitted)).

into lien waivers and claim releases with the general contractor and owner of the Project. Although neither party specifically alleges where these agreements took place, this Court can assume that it was not in Louisiana. Defendant is a Tennessee company; the owner of the Project is the State of Mississippi; and the general contractor is a Mississippi company.[18] Therefore, the agreements, which precipitated the breach, likely occurred in one of those states. All of Defendant's alleged actions that form the basis of Plaintiff's claim occurred outside the Eastern District of Louisiana.[19] Even though a portion of the negotiations of the Pass-Through Agreement occurred in Louisiana, without more, these events are insufficient to form a substantial part of the events giving rise to Plaintiff's claims. Accordingly, venue is improper in the Eastern District of Louisiana for Plaintiff's claim that Defendant breached the Pass-Through Agreement.[20]

### C. Transfer of Venue

Because the Court finds that venue is improper, it must look to 28 U.S.C. § 1406(a) for guidance.[21] According to 28 U.S.C. § 1406(a), a district court may, in the interest of justice, transfer a case that was filed in the wrong district to any district in which it could have been brought. "[T]he presumption should be in favor of transfer," therefore dismissal is only appropriate in unusual

---

[18] R. Doc. 6-1.

[19] *See PNC Bank N.A.*, 2013 WL 4039436.

[20] Plaintiff's Complaint also asserts an alternative claim for detrimental reliance. Certainly if venue is improper for its primary claims, venue is likewise improper for its alternative claims arising out of the same facts.

[21] *See also Murray v. Plantation Mgmt. Co.*, No. 02–2181, 2002 WL 31553990, at *2 (E.D.La. Nov. 18, 2002) ("when a plaintiff selects an improper venue, courts may either dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a)").

circumstances.[22] Accordingly, "it is not surprising that in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation."[23]

This Court finds that transfer to the Southern District of Mississippi is in the interest of justice. The foregoing analysis indicates that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in that venue. Indeed, Mississippi was the hub of activity relating to the two contracts at issue, and thus venue would have been proper there.   In addition, the venue is convenient to both Plaintiff in Louisiana and Defendant in Tennessee, especially considering that Plaintiff performed the masonry work required by the Sub-Subcontract at issue for several years in that venue.

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED IN PART, DENIED IN PART AS MOOT, and the case is TRANSFERRED to the Southern District of Mississippi.

New Orleans, Louisiana, this 20th day of October, 2014.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] 14D CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 3827 (4th ed.).

[23] *Id.*; *see also Herman v. Cataphora*, No. 12–497, 2012 WL 4210427, at *9 (E.D.La. Sept. 19, 2012) (stating that transfer is appropriate under Section 1406(a) when transfer, as opposed to dismissal, is in the interest of justice).